UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
UNITED STATES OF AMERICA                      :
                                              :   CONSENT ORDER OF
            - v. -                            :   INTERLOCUTORY SALE
                                              :
ALAN SWISS,                                   :   S2 23 Cr. 664 (JGK)
                                              :
            Defendant.                        :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

   WHEREAS, on or about December 15, 2023, ALAN SWISS (the "Defendant"), was charged in a Superseding Information, S2 23 Cr. 664 (JGK) (the "Information"), with conspiracy to commit health care fraud, wire fraud and violate the anti-kickback statue, in violation of Title 18, United States Code, Section 371 (Count One);

   WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to (i) Title 18, United States Code, Section 982(a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses charged in Count One of the Information, including but not limited to a sum of United States currency representing the amount of proceeds obtained as a result of the offenses charged in Count One of the Information; and (ii) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

   WHEREAS, on or about March 20, 2024, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government;

WHEREAS, on or about January 22, 2025, the Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order"), against the Defendant imposing a forfeiture money judgment in the amount of $6,650,929.76 and forfeiting all right, title and interest of the Defendant in the real property located at 9056 Charlee Street, Lake Worth, Florida, 33467 with a legal description of Lot Number: 19, Subdivision Name: Regency Lake Estates PL 2 Sec/TWN/Rng/Mer: SEC 30 TWN 44S RNG 42E, Parcel Number 00-42-44-30-07-000-0190 (the "Subject Property")(D.E. 71);

WHEREAS, on or about June 10, 2025, a third party, Danielle Ross ("Ross"), filed a motion seeking to recover outstanding child support arrears owed by the Defendant in the amount of $48,500 (the "Motion")(D.E. 125);

WHEREAS, there is a lien on the Subject property in favor of Ross as a result of child support arrears owed by Defendant (the "Child Support Lien");

WHEREAS, on or about July 3, 2025, the Government filed an opposition to the Petition requesting the Court dismiss the Motion (D.E.155);

WHEREAS, the Motion is currently pending;

WHEREAS, the Defendant has received an offer from an individual to purchase the Subject Property in the amount of $750,000 (the "Offer"); and

WHEREAS, the Government, the Defendant, and Ross have agreed to the interlocutory sale of the Subject Property by the Defendant before the conclusion of the forfeiture proceedings in order to preserve the value of the Subject Property pending a final order of forfeiture, with the net proceeds of the sale to be held as the substitute *res* pending further order of this Court;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Brandon Thompson, William Kinder, Jacklyn Delligatti, Rushmi Bhaskaran, and Ryan Finkel of counsel, the Defendant and his counsel, Florian Miedel, Esq., and Danielle Ross, and her counsel, Michael B. Cohen, that:

1. The Defendant is authorized to sell the Subject Property in a commercially feasible manner and the Government may, in its sole discretion, reject any offer to purchase the Subject Property for insufficient value or where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

2. The Government has no objection to the Defendant entering into a contract of sale in connection with the Offer.

3. Upon the sale of the Subject Property the net proceeds shall be deposited in the Seized Asset Deposit Fund ("SADF") pending the resolution of this matter.

4. The net proceeds for the sale of the Specific Property will include all moneys realized from the sale of the Specific Property, except for the following:

    a. Any outstanding mortgages and/or liens;
    b. Real estate commissions, fees;
    c. Any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale;
    d. Insurance costs;
    e. Escrow fees;
    f. Title fees;
    g. County transfer fees;
    h. Legal fees;
    i. Environmental Control Board judgments; and
    j. Final water meter bill.

(hereinafter, the "Net Proceeds").

5. As a result of the Child Support Lien, $50,000 in United States currency

shall be set aside from the sale proceeds and held by Sobi Title & Escrow, LLC located at 7900 Nova Drive, Suite 205 Davie FL 33324 pending the resolution of the Motion (the "Child Support Funds"). In the event, the Motion is dismissed the Child Support Funds will be disbursed to the Government for forfeiture. Alternatively, if the Motion is granted or if a settlement is otherwise agreed upon between the parties, the Child Support Funds will be disbursed to Ross.

6. Defendant shall, upon filing of this Consent Order of Interlocutory Sale, take all usual and customary steps to sell the Subject Property in accordance with all laws and procedural rules applicable to such sale, with a purpose to effect actual sale within sixty (60) days from the date of entry of this Consent Order of Interlocutory Sale. In the event the Defendant fails to secure a contract of sale within sixty (60) days, the Government is authorized to assume responsibility for the sale of the Subject Property.

7. The Net Proceeds and the Child Support Funds, and any and all income or interest accrued thereon, shall be the substitute *res* for the Subject Property (the "Substitute Res") and will serve as a substitute res for the Subject Property in the above-captioned case, with all claims and defenses applicable to the Subject Property, including any other action that may be brought by the United States Attorney's Office ("USAO") for forfeiture of the Subject Property or claims by third parties, to apply instead to the Substitute Res.

8. The Net Proceeds shall be issued in a check made payable to United States Marshals Service and referencing "*U.S. v. Alan Swiss*, S2 23 Cr. 664 (JGK)" in the memorandum section of the check and deposited in the SADF pending the resolution of this case.

9. In furtherance of the interlocutory sale the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

10. This Consent Order of Interlocutory Sale may be executed in counterparts,

each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Interlocutory Order. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

11. This Consent Order of Interlocutory Sale constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

12. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Consent Order of Interlocutory Sale.

13. Each party agrees to bear its costs and attorneys' fees.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

14. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Consent Order of Interlocutory Sale.

STIPULATED TO:

JAY CLAYTON
United States Attorney
Southern District of New York
United States of America

By: *Brandon C. Thompson*                                       July 29, 2025
    _____                                    _____
    Brandon Thompson                                            Date
    Rushmi Bhaskaran
    Jaclyn Delligatti
    Ryan Finkel
    William Kinder
    Assistant United States Attorneys
    26 Federal Plaza
    New York, New York 10238
    (212) 637- 2444/2439/2559/6612/2394

ALAN SWISS

By: _____                                   7/25/25
    Alan Swiss                                                  DATE
    Defendant

By: _____                                   7/28/2025
    Florian Miedel, Esq.                                        DATE
    Attorney for Defendant
    52 Duane Street Ste 7th Floor
    New York, NY 10007

DANIELLE ROSS

By: _____                                   _____
    Danielle Ross                                               DATE
    Defendant

52 Duane Street Ste 7th Floor
New York, NY 10007

DANIELLE ROSS

By: _____     June 22, 2025
    Danielle Ross                        DATE
    Defendant

By: _____     July 22, 2025
    Michael B. Cohen, Esq.               DATE
    Attorney for Danielle Ross
    6400 North Andrews Ave., Ste 505
    Fort Lauderdale, Florida 33309
    (954) 928-0059

SO ORDERED:

_____          8/2/25
HONORABLE JOHN G. KOELTL                 DATE
UNITED STATES DISTRICT JUDGE