**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**UNITED STATES OF AMERICA,**

        - against -

**ALAN SWISS,**

                  **Defendant.**

23-cr-664 (JGK)

MEMORANDUM OPINION
AND ORDER

------------------------------------

**JOHN G. KOELTL, District Judge:**

The Court entered a Preliminary Order of Forfeiture (the "Forfeiture Order") against the defendant, Alan Swiss. The petitioner, non-party Danielle Ross, filed a motion to withhold an amount of the forfeiture, seeking to recover $48,500 in outstanding child support allegedly owed by the defendant to the petitioner. The Government opposed the motion. For the following reasons, the petitioner's motion is **denied**.

**I.**

On January 22, 2025, the defendant pleaded guilty to a one-count superseding information (the "Information"), charging the defendant with conspiracy to commit health care fraud, wire fraud, and to violate the Anti-Kickback statute. See ECF No. 72. The offenses occurred from at least in or about 2016 through in or about 2019. See id. In connection with the defendant's plea, the Court entered the Forfeiture Order. See ECF No. 71. The Forfeiture Order obligated the defendant to forfeit a sum of money equal to $6,650,929.76, (the "Money Judgment"), which "represent[ed] the proceeds traceable to offenses charged in

Count One of the Information," as well as "all of his right, title and interest in the following specific property: 9056 Charlee Street, Lake Worth, Florida 33467 (the "Subject Property")." See id. at 2.

According to the petition, the petitioner is the defendant's ex-wife and shares a 17-year-old son with the defendant. ECF No. 125 ¶ 3–5. The petitioner claims that the defendant failed to make child support payments in the amount of $48,500. See id. ¶ 3.[1] The petitioner therefore asks that the Court modify the order of forfeiture to withhold $48,500 and to direct that the support payments "attributable to the sale of the property" be paid "upon the sale of the [Subject Property]." Id. ¶ 5. The Government opposes the motion. See ECF No. 155.

**II.**

Title 21 U.S.C § 853 governs "the procedure by which third parties seeking to recover an alleged interest in forfeited property may obtain judicial resolution of their claim." United

---

[1] The petitioner represents that "[t]he $48,500 total is computed by adding the outstanding 21 months of support at 1,000.00 monthly owed by [the defendant] to me" "to the $27,500.00 evidenced by the attached [Certificate of Delinquency]." ECF No. 125, at 9. Because the Certificate of Delinquency is dated July 31, 2024, only 11 months elapsed between the issuance of the Certificate of Delinquency and the time the filing of this motion on June 10, 2025, not 21 months. Accordingly, the total amount of child support payments appears to amount to $38,500, not $48,500. However, this discrepancy is immaterial because the petitioner lacks standing.

2

States v. Ribadeneira, 105 F.3d 833, 834 (2d Cir. 1997). The provision granting standing to modify an order of forfeiture provides that:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property.

21 U.S.C. § 853(n)(2) (emphasis added). The Court will amend the order of forfeiture if it determines, after a hearing, that the petitioner has established by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, . . . [that] was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

§ 853(n)(6).

The petition to modify the order of forfeiture must be signed under penalty of perjury and:

> set forth the nature and extent of the petitioner's right, title, or interest in the

3

> property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

§ 853(n)(3). "Once a petition has been filed, the district court conducts a hearing on the issue." Ribadeneira, 105 F.3d at 834. However, if the petitioner "fails to allege all elements necessary for recovery . . . the court may dismiss the petition without a hearing." United States v. McDonald, 18 F. Supp. 3d 13, 14-15 (D. Me. 2014). Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A), a court may dismiss a petition for "lack of standing, for failure to state a claim, or for any other lawful reason." See United States v. Swartz Fam. Tr., 67 F.4th 505, 513 (2d Cir. 2023). Courts apply the same standard that applies to motions to dismiss brought under Federal Rule of Civil Procedure 12(b) to Rule 32.2 motions. See id. at 513-14.

To establish standing to modify a final order of forfeiture, a petitioner must assert a "legal interest in property" which has been ordered forfeited. See Ribadeneira, 105 F.3d at 835 (citing § 835(n)(2)). A legal interest is a "right, title, or interest" in the property to be forfeited. Id. Further, a legal "interest in property must be an interest in a particular, specific asset, as opposed to a general interest in an entire forfeited estate or account." Id. at 836. Accordingly,

4

general, unsecured creditors do not have standing under § 853 to petition for modification of a forfeiture order.

### III.

As discussed above, a third-party petitioner has two statutory grounds on which to assert a legal interest in forfeited property. Under 21 U.S.C. § 853(n)(6)(A), a petitioner may claim a "superior interest in the property at the time of the relevant offense. Alternatively, under 21 U.S.C. § 853(n)(6)(B), a petitioner may establish that she was a "bona fide purchaser for value" of the property and that "at the time of the purchase [was] reasonably without cause to believe that the property was subject to forfeiture." The petitioner has failed to assert a legal interest in the Subject Property or the Money Judgment pursuant to either statutory ground.

As an initial matter, courts in other Districts have concluded that unpaid child support alone is insufficient to create a legal interest in a specific property. See e.g., United States v. Klein, No. 06-cr-56, 2008 WL 11463471, at *3 (S.D. Tex. Aug. 18, 2008); United States v. Butera, No. 05-cr-12, 2006 WL 1195473, at *2 (S.D. Miss. May 2, 2006). Further, although the petition alludes to the existence of a lien, the petition fails to set forth "the time and circumstances of the" alleged lien. See § 853(n)(3). In a subsequent proposed order pertaining to the sale of the Subject Property, the petitioner, the

5

defendant, and the Government agree that "there is a lien on the Subject [P]roperty in favor of [the petitioner] as a result of child support arrears owed by the [d]efendant." See ECF No. 160, at 3. A separate subsequent filing by the petitioner shows that she filed a Child Support Lien on the property on July 31, 2024. See ECF No. 176, at 4. However, the Government had already filed a lis pendens with respect to this specific property-in April 2024-as a result of the charges in the superseding indictment in this case. ECF No. 175, at 3-4. Because "the government's interest under the relation-back doctrine immediately vests upon the commission of th[e] offense, any proceeds that ensue from the criminal act belong to the government from the moment that they come into existence." United States v. Watts, 786 F.3d 152, 166-67 (2d Cir. 2015). The petitioner does not allege that her lien predates the Government's interest, which accrued beginning in or about 2016. Thus, the petitioner fails to allege plausibly that any interest she may have in the Subject Property is "superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A) (emphasis added).

The petitioner also fails to plausibly allege that she has a legal interest in the subject property as a bona fide purchaser for value pursuant to 21 U.S.C. § 853(n)(6)(B). The

6

petition does not allege that the petitioner is a bona fide purchaser for value, see ECF No. 125, but in a subsequent filing, the petitioner asserts that the Child Support Lien entitles her to bona fide purchaser status under Florida law. See ECF No. 176, at 1-2. However, neither the statute nor the case that petitioner cites in her filing supports this proposition. See State ex rel. Pittman v. Stanjeski, 562 So. 2d 673 (Fla. 1990); Fla. Stat. Ann. § 61.14. Indeed, at a telephone conference, counsel for petitioner conceded that petitioner was not a bona fide purchaser for value. Thus, the petitioner is not entitled to relief pursuant to 21 U.S.C. § 853(n)(6)(B).

The petitioner has failed to establish that she has standing to petition to modify the Forfeiture Order or to allege the elements necessary for recovery under 21 U.S.C. § 853. The petition is therefore **dismissed without prejudice**.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The petitioner's motion is **denied,** and the petition to modify the Forfeiture Order is **dismissed without prejudice.** The Clerk is directed to close ECF No. 125.

**SO ORDERED.**

Dated:   New York, New York
         October 21, 2025

_____
John G. Koeltl
United States District Judge