UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

        -v.-

ALAN SWISS,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

:    **FINAL ORDER OF FORFEITURE**

:    S2 23 Cr. 664 (JGK)

WHEREAS, on or about January 22, 2025, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 71), which ordered the forfeiture to the United States of all right, title and interest of ALAN SWISS (the "Defendant") in the following property:

      a. 9056 Charlee Street, Lake Worth, Florida, 33467, with a legal description of Lot Number 19, Subdivison Name: Regency Lake Estates PL 2 Sec/TWN/Rng/Mer: SEC 30 TWN 44S RNG 42E, Parcel Number 00-42-44-30-07-000-0190;

(the "Subject Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Subject Property, and the requirement that any person asserting a legal interest in the Subject Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Subject Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Subject Property before the United States can have clear title to the Subject Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Subject Property was posted on an official government internet site (www.forfeiture.gov) beginning on April 1, 2025, for thirty (30) consecutive days, through April 30, 2025, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on March 30, 2026 (D.E. 229);

WHEREAS, on or about April 7, 2025, the Notice of the Preliminary Order of Forfeiture was sent by Certified Mail, return receipt requested, to the following:

a.  Bianca Crespo
    Roseville, California;

(the "Noticed Party");

WHEREAS, on or about June 10, 2025, a third party, Danielle Ross (the "Petitioner"), filed a petition asserting an interest in the Subject Property due to outstanding child support arrears owed by the Defendant (the "Petition")(D.E. 125);

WHEREAS, on or about August 8, 2025, the Court entered a Consent Order of Interlocutory Sale (the "Interlocutory Sale Order") authorizing the sale of the Subject Property by the Defendant, with the net proceeds of the sale to be held as a substitute *res* for the Subject Property pending further order of this Court;

2

WHEREAS, on or about October 21, 2025, the Court issued an Order dismissing the Petition (D.E. 183);

WHEREAS, pursuant to the Interlocutory Sale Order, the Subject Property was sold, and the Government received $127,471 in net proceeds from the sale (the "Forfeited Funds");

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and there are no outstanding petitions or claims to contest the forfeiture of the Forfeited Funds;

WHEREAS, the Defendant, the Claimant, and the Noticed Party are the only individuals and/or entities known by the Government to have a potential interest the Forfeited Funds; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      All right, title and interest in the Forfeited Funds is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.      Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Forfeited Funds.

3

3.      The United States Marshals Service (or its designee) shall take possession

of the Forfeited Funds and dispose of the same according to law, in accordance with Title 21,

United States Code, Section 853(h).

Dated: New York, New York
        _____4/14_____, 2026

SO ORDERED:

_____
HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

4